Snow Becker Krauss P.C.
Attorneys for Defendants
605 Third Avenue
25th Floor
New York, NY 10158
Tel. 212-455-0442
Derek A. Wolman (DW 9720)

**ECF CASE**

**Document #**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MERCHANT CASH & CAPITAL LLC,

         Plaintiff,

   -against-

FRIED OKRA, INC., d/b/a/ THOROUGHBREDS
RESTAURANT, THOROUGHBREDS
RESTAURANT LP and TONY BENNET,

         Defendants.
-----------------------------------------------------------------X

07 CV 10345(SAS)

**ANSWER**

**JURY TRIAL DEMANDED**

   Defendants, FRIED OKRA, INC., d/b/a/ THOROUGHBREDS RESTAURANT, THOROUGHBREDS RESTAURANT LP and TONY BENNET, by their attorneys, Snow Becker Krauss P.C., as and for their Answer Plaintiff's Complaint, allege as follows:

   1.  Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

   2.  Admit the allegations set forth in paragraph 2 of the Complaint.

   3.  Admit the allegations set forth in paragraph 3 of the Complaint.

   4.  With regard to paragraph 4 of Plaintiff's Complaint, admit that Defendant Tony Bennett is a citizen and resident of the State of South Carolina, and admit that

Defendant Tony Bennett is the sole shareholder of Defendant Fried Okra, Inc., but deny that Defendant Tony Bennett is "the owner of Thoroughbreds."

5. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. Admit that the Court has personal jurisdiction over Defendant Fried Okra, Inc. by virtue of the "forum selection clause in the contract," but deny each and every other allegation set forth in paragraph 6 of Plaintiff's Complaint.

7. With regard to paragraph 7 of Plaintiff's Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 6 of Plaintiff's Complaint as if fully set forth anew herein.

8. Admit that Defendant Fried Okra, Inc. entered into the contract referenced in paragraph 8 of Plaintiff's Complaint, but deny each and every other allegation set forth in paragraph 8 of Plaintiff's Complaint.

9. Admit, upon information and belief, that Defendant Fried Okra, Inc. sold additional future receivables, but deny each and every other allegation set forth in paragraph 9 of Plaintiff's Complaint.

10. Admit that Defendant Fried Okra, Inc. agreed to process its credit card transactions through a processor approved by MCC, but deny each and every other allegation set forth in paragraph 10 of Plaintiff's Complaint.

11. Admit the allegations set forth in paragraph 11 of the Complaint.

12. Admit that Defendant, Fried Okra, Inc., on a date subsequent to the date of the Contract agreed that 35% of its Visa and Mastercard transactions were to be paid by

the credit processor to MCC, but deny each and every allegation set forth in paragraph 12 of Plaintiff's Complaint.

13. Admit that Defendant Fried Okra, Inc. stopped using Cynergy as its credit card processor, but deny each and every other allegation set forth in paragraph 13 of Plaintiff's Complaint.

14. Deny, upon information and belief, each and every allegation set forth in paragraph 14 of Plaintiff's Complaint.

15. Deny each and every allegation set forth in paragraph 15 of Plaintiff's Complaint.

16. Deny each and every allegation set forth in paragraph 16 of Plaintiff's Complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. With regard to paragraph 18 of Plaintiff's Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth anew herein.

19. Deny each and every allegation set forth in paragraph 19 of Plaintiff's Complaint.

20. Deny each and every allegation set forth in paragraph 20 of Plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. The Court is without personal jurisdiction over Defendant Tony Bennett as: (a) Defendant Tony Bennett is not a party to the "contract," (b) the "forum selection

clause in the contract" is only applicable to the Defendant Fried Okra, Inc., and (c) Defendant Tony Bennett is neither transacting business or doing business in the State of New York pursuant to CPLR §§ 301 and 302.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. The Court is without personal jurisdiction over Defendant Thoroughbreds Restaurant LP as: (a) Defendant Thoroughbreds Restaurant LP is not a party to the "contract," (b) the "forum selection clause in the contract" is only applicable to the Defendant Fried Okra, Inc., and (c) Defendant Thoroughbreds Restaurant LP is neither transacting business of doing business in the State of New York pursuant to CPLR §§ 301 and 302.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. Defendant Thoroughbreds Restaurant LP is not a party to any contract between Plaintiff and Defendant Fried Okra, Inc., and is not a proper party to this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24. Defendant Tony Bennett did not personally guaranty payment of Defendant Fried Okra, Inc.'s obligations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's Complaint fails to state a claim against Fried Okra, Inc. upon which relief can be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff's Complaint fails to state a claim against Tony Bennett upon which relief can be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's Complaint fails to state a claim against Thoroughbreds Restaurant LP upon which relief can be granted.

**WHEREFORE**, Defendants respectfully request a Judgment, granting the following relief:

1. Dismissing Plaintiff's Complaint.

2. Awarding Defendants costs, disbursements and attorneys' fees.

3. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 8, 2008

SNOW BECKER KRAUSS P.C.

By: _____
Derek A. Wolman (DW 9720)

605 Third Avenue, 25th Floor
New York, New York 10158
(212) 455-0442

Attorneys for Defendants,
  FRIED OKRA, INC., d/b/a/ THOROUGHBREDS
  RESTAURANT, THOROUGHBREDS
  RESTAURANT LP and TONY BENNETT